Argued and submitted November 15, 2021, affirmed January 20, 2022

Jeffery THOMPSON,
*Plaintiff-Appellant,*

*v.*

CITY OF PORTLAND,
a Public Body, and
Multnomah County,
a Public Body,
*Defendants-Respondents.*

Multnomah County Circuit Court
18CV55358; A173444

505 P3d 484

Amy Holmes Hehn, Judge.

J. Randolph Pickett argued the cause for appellant. Also on the opening brief were Kimberly O. Weingart, Shangar S. Meman, and Pickett Dummigan McCall LLP; and Charley Gee and Charley Gee P.C. Also on the reply brief was Rachel M. Jennings.

Denis M. Vannier argued the cause for respondents. On the brief was YoungWoo Joh.

Before Tookey, Presiding Judge, and Aoyagi, Judge, and Armstrong, Senior Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Plaintiff was riding a bicycle downhill when he struck a pothole, causing him to crash and sustain serious injuries. Plaintiff brought this action against Multnomah County, which owns the road where the crash occurred, and the City of Portland (city), which maintains the road under an intergovernmental agreement. Plaintiff alleged that defendants were negligent in failing to repair the pothole sooner. Defendants moved for summary judgment on the affirmative defense of discretionary immunity under ORS 30.265(6)(c). The trial court granted the motion and entered a general judgment of dismissal. Plaintiff appeals.

When reviewing a grant of summary judgment, we state the facts from the summary judgment record in the light most favorable to the nonmoving party, which is plaintiff in this case. *Wirth v. Sierra Cascade, LLC*, 234 Or App 740, 745, 230 P3d 29, *rev den*, 348 Or 669 (2010). Our task is to view the record and all reasonable inferences that may be drawn from it in the light most favorable to plaintiff to determine whether a genuine issue of material fact exists and, if not, whether defendants are entitled to judgment on their affirmative defense as a matter of law. ORCP 47 C. "No genuine issue of material fact exists if no objectively reasonable juror could return a verdict for the nonmoving party." *Wirth*, 234 Or App at 745.

ORS 30.265(6)(c) immunizes public bodies from claims based on discretionary acts. Plaintiff does not challenge defendants' pothole-repair *policy*, which he acknowledges is subject to immunity. The gist of that policy is that the city has a "target" of repairing any pothole within approximately 30 days of receiving a report that the pothole exists.[1] What plaintiff contends is that the trial court erred in dismissing his claims because there is a genuine dispute of material fact as to the city's *implementation* of the policy. As plaintiff puts it, he is "not challenging the policy of using a complaint-driven system to address potholes" but, rather, "defendants' failure to fix a known hazardous pothole after receiving notice."

---

[1] On average, the city fills approximately 11,000 potholes per year.

The parties disagree about the state of the evidence regarding when the pothole was reported. Defendants maintain that the only evidence is that the pothole was reported on July 19, 10 days prior to plaintiff's accident of July 29. Plaintiff contends that there is conflicting evidence as to whether the pothole was reported on May 21, July 4, or July 19. Having reviewed the summary judgment record, we agree with defendants that there is no evidence that *this* pothole was reported on May 21. The only factual finding that the evidence in the record would legally permit is that *different* potholes, located approximately one mile from the site of plaintiff's accident, were reported on May 21. And we need not resolve whether there is some evidence of a July 4 report—a disputed point that turns on the laws of evidence—because the difference between a report date of July 4 or July 19 is not material in this instance.

Because there is no evidence that the pothole at issue was reported more than 30 days before plaintiff's accident, the trial court did not err in concluding that the summary judgment record forecloses that theory of plaintiff's case. We also conclude that the trial court did not err in deciding that no genuine dispute of material fact exists as to plaintiff's other case theories. In short, based on the evidence in the summary judgment record, plaintiff's other theories could not prevail unless a factfinder engaged in impermissible speculation regarding when the pothole at issue formed, its severity over time, and ways that defendants might have discovered the pothole before it was reported.

On this record, the trial court did not err in granting summary judgment for defendants based on their affirmative defense of discretionary immunity under ORS 30.265(6)(c).

Affirmed.